**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**Case No.**

Alexander Puga,
Elba Suarez,
and Violet Felipe

       Plaintiff,

vs.

Miami Dade County

       Defendants.

_____/

**COMPLAINT**

Plaintiff, Alexander Puga, Elba Suarez, and Violet Felipe ("Plaintiff"), by and through the undersigned counsel, hereby sues Defendant, Miami Dade County ("Defendant"), and in support thereof avers as follows:

**GENERAL ALLEGATIONS**

1. This is an action by the Plaintiff for damages exceeding $75,000, excluding attorneys' fees or costs, for unpaid wages and retaliation under The Fair Labor Standards Act (FLSA).

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to the 29 U.S.C. § 216.

3. Defendant Miami Dade County is a governmental enterprise authorized to conduct business in Miami-Dade County, Florida, where Plaintiff worked for Defendant, and at all times material hereto was and is engaged in interstate commerce.

4. Declaratory, injunctive, legal and equitable relief is sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

5.   All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

### FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

6.   Plaintiffs performed work for Defendant as victims advocates for Miami Dade Police from September 9, 2019 to Present.

7.   On different intervals based on each Plaintiffs' individual schedule Plaintiffs were assigned to be on call for an entire week.

8.   This meant that if any murders or tragic events happened during that week they received a call and had to immediately go to the scene of the crime to work as a victim's advocate.

9.   They were told by the employer that expedience was key to this week of work each month and it was their understanding that if the call came they had to drop anything they were doing and immediately go to the scene.

10. Later on in 2023 the position was reclassified to a call back position meaning that they were not required to immediately take the phone call and drop everything they were doing and head to the scene.

11. There was a time frame established instead of just expediency.

12. For the time that the on call positions were categorized as on call instead of call back, Plaintiffs were not paid the correct overtime for their work.

13. For the time that the on call positions were categorized as on call instead of call back, Plaintiff worked more than 40 hours.

14. At all times material hereto, Defendant had or should have had full knowledge of all hours worked by Plaintiff.

15. Plaintiff worked numerous hours for which he was not properly compensated, including those hours worked in excess of forty in a given workweek.

## COUNT I
### *Wage & Hour Federal Statutory Violation*

16. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 15 of this complaint as if set out in full herein.

17. This action is brought by Plaintiff to recover from the Defendant unpaid minimum wage and/or overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of the FLSA.

18. At all times pertinent to this Complaint, Defendants had two or more employees who regularly handled goods and/or materials which had been sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

19. Upon information and belief, at all times material hereto, Defendants' annual gross revenue exceeded $500,000 per annum on its own, or as part of a joint enterprise with the other corporate Defendant named herein, or which are as of yet unknown but will be revealed through further discovery.  To the extent that Defendant operated as part of a joint enterprise, it did so with corporate entities that performed related activities, under the common control of the individual Defendant, and for common business purposes related to the work performed by Plaintiff for Defendant.

20. By reason of the foregoing, the Defendant are and were, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s).  Defendants' business activities involve those to which the FLSA applies.  The Plaintiff's work for the Defendant likewise affects interstate commerce.

21. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire and/or from three (3) years from the date of the filing of this complaint.

22. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of minimum and/or overtime wages as required by the FLSA and remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

**WHEREFORE**, Plaintiffs respectfully pray for the following relief against Defendant:

 A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

 B. Award Plaintiffs actual damages in the amount shown to be due for unpaid wages and unpaid overtime wage compensation for hours worked in excess of forty (40) each week, with interest;

 C. Award Plaintiffs an equal amount in double damages/liquidated damages;

 D. Award Plaintiffs the costs of this action, together with a reasonable attorneys' fees; and

 E. Grant Plaintiffs such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiffs demands trial by jury of all issues triable as of right by jury.

Dated: January 29, 2024          Respectfully submitted,

/s/ Elvis J. Adan

Elvis J. Adan, Esq.
Fla. Bar No.: 24223
GALLARDO LAW OFFICE, P.A.
8492 SW 8th Street
Miami, Florida 33144
Telephone: (305) 261-7000